## Ex Parte STRONG.

### No. 15,255; December 12, 1892.

#### 31 Pac. 574.

**Habeas Corpus—Failure to Bring to Trial.**—Though defendant is entitled to have the information filed against him dismissed under Penal Code, section 1382, which provides for such dismissal "if a defendant, whose trial has not been postponed on his application, is not brought to trial within sixty days after the finding of the indictment or filing of the information," he is not entitled to a discharge on habeas corpus until the information is dismissed.[1]

Application of John Strong for a discharge from imprisonment on habeas corpus. Denied.

C. W. Thomas, J. Craig and J. E. Strong for petitioner; R. E. Hopkins, district attorney, for respondent.

PER CURIAM.—This is an application for a writ of habeas corpus based upon the following allegations: The petitioner was accused by information filed September 8, 1892, of the crime of assault with a deadly weapon. More than ninety days have since elapsed, but he has not been brought to trial. He has made no application for a postponement, and there is no excuse for the delay. He has asked the superior court in which the accusation is pending to order the prosecution to be dismissed, and that motion has been denied. These allegations, if true, show that it was the duty of the superior court to dismiss the prosecution (Pen. Code, sec. 1382); but until the information is dismissed the imprisonment is lawful. Writ denied.

[1] Cited with disapproval in In re Bergerow, 133 Cal. 353, 85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 829, in respect to the holding that, although the allegations of the petition be such that, if they are true, it is the court's duty to dismiss the prosecution, yet "until the information is dismissed the imprisonment is lawful."

Cited and rejected as authority in Ex parte Ford, 160 Cal. 345, 116 Pac. 761, as to the legality of the imprisonment "until the prosecution is dismissed," the court saying: "This doctrine, while supported by decisions in other jurisdictions, is opposed to the rulings in Ex parte Vinton, 5 Cal. Unrep. 000, 47 Pac. 1019, and In re Bergerow, 133 Cal. 353, 85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 829."